IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In The Matter<br><br>of<br><br>The Complaint of X-TREME PARASAIL, INC., a Hawaii corporation, and DIAMOND HEAD PARASAIL & WATER SPORTS, INC., a Hawaii corporation, as Owners of the motor vessel, WICKED WAHINE, O.N. 1099511, for Exoneration from and/or Limitation of Liability<br><br>Petitioners | Civil No. 10-00711 SOM/BMK<br><br>(In Admiralty)<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITIONERS' MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST ANY AND ALL CLAIMANTS THAT HAVE NOT FILED A CLAIM AND/OR ANSWER<br><br>Trial Date: March 6, 2012 |

XTREMEPARASAIL\LIMITATION\026

***FINDINGS AND RECOMMENDATION TO GRANT
PETITIONERS' MOTION FOR ENTRY OF DEFAULT
AND DEFAULT JUDGMENT AGAINST ANY AND ALL
CLAIMANTS THAT HAVE NOT FILED A CLAIM AND/OR ANSWER***

***PROCEDURAL BACKGROUND***

Limitation Plaintiffs, X-TREME PARASAIL, INC. and DIAMOND HEAD PARASAIL & WATER SPORTS, INC. ("Petitioners"), filed their Complaint for Exoneration from and/or Limitation of Liability on December 2, 2010. Pursuant to Rule F(4), Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions, Petitioners published notice of their commencement of this limitation proceeding in the Honolulu Star Advertiser once a week for four consecutive weeks.  The Notice, published on December 24 and 31, 2010, and January 7 and 14, 2011, warned potential claimants they were obligated to file a claim and/or answer by February 14, 2011, and their failure to do so "may result in judgment by default being taken against them and their claim being permanently declared time barred".

Proof of publication of the notice required by Supplemental Rule F(4) was filed with the Court on January 22, 2011.  ERICKA DIAZ and GIANNINA SMITH ("Claimants"), are the only parties that filed a claim and/or answer.  No other parties have contacted Petitioners, Claimants and/or their counsel and expressed an interest, desire or intent to file a claim and/or answer in this case.

Petitioners filed a Motion for Entry of Default and Default Judgment Against Any and All Claimants That Have Not Filed a Claim and/or Answer on August 19, 2011, which petitioned this Honorable Court for an Order:

1. Declaring the time period for filing a Claim and/or Answer in this limitation proceeding, CLOSED;

2. For entry of default per Rule 55(a), Federal Rules of Civil Procedure ("FRCP"); and

3. Entering judgment by default, per Rule 55(b)(2), FRCP, against

> any and all parties who claim to have a right to file a claim or answer, but failed to within the time frame established by Rule F, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and/or otherwise obtain leave to intervene and assert a claim and/or answer in this case prior to the date the Court rules on Petitioners' Motion.

Claimants filed a joinder on September 7, 2011, which also stipulated Petitioners' Motion could be granted in its entirety without a hearing.

### *DISCUSSION*

Rule F(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, mandates:

> (5) ***Claims and Answer***. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Petitioners fulfilled their obligation to publish notice of the limitation proceeding once a week for four consecutive weeks in the Honolulu Staradvertiser, required by Supplemental Rule F(4). The Notice expressly and clearly stated the deadline for filing a claim and/or answer was February 14, 2011, and that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer. Although the deadline for filing an appropriate responsive pleading was February 14, 2011, potential claimants had more than six

additional months to file a claim and/or answer before Petitioners filed the present Motion. The deadline mandated by the Court for filing claims/answers has expired. Any/all potential claimants had more than ample opportunity to otherwise seek leave of this Honorable Court to extend the deadline and file an appropriate responsive pleading. To date, only Ericka Diaz and Giannina Smith have intervened. No other parties have contacted Petitioners', Claimants or their counsel and expressed an interest, desire or intent to file a claim and/or answer. Under the totality of these circumstances, Petitioners' Motion can and should be granted in its entirety.

## *CONCLUSION*

After carefully reviewing the pleadings and relevant legal authority, the Court finds that Petitioners' Motion can be granted without a hearing. The Court also finds that the required notice has been given and the time for filing a claim and/or answer has expired. Accordingly, the Court RECOMMENDS that Petitioners' Motion be GRANTED and that the district court enter default and default judgment against any and all claimants that have not filed a claim, answer, and/or otherwise moved for leave to intervene in this proceeding.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii; September 9, 2011.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*In Re: X-Treme Parasail, Inc., et al.*, Civ. No. 10-00711 SOM/BMK; Findings and Recommendation to Grant Petitioners' Motion for Entry of Default and Default Judgment Against any and all Claimants that have not filed a Claim and/or Answer.